IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BITCO GENERAL INSURANCE CORPORATION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 23-1088 ) |
| PORT VUE PLUMBING, INC., PORT VUE PLUMBING, L.P., PORT VUE PLUMBING, LLC, JOHN DOE 1, and ROBERT JACKSON, | ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER OF COURT

Plaintiff BITCO General Insurance Corporation ("BITCO") filed this declaratory judgment action against Defendants Port Vue Plumbing, Inc., Port Vue Plumbing L.P., and Port Vue Plumbing, LLC (collectively, "PVP") and others, seeking a judicial ruling on a specific legal issue: whether claims asserted in an underlying state court lawsuit fall within the scope of "Pollution Exclusions" contained in two insurance policies that BITCO issued to Port Vue Plumbing, Inc. ("PVPI"), the principal Defendant. (Docket No. 1 at 1). Pursuant to Federal Rule of Civil Procedure 57, BITCO also requested a jury trial, a speedy hearing, and advancement of this action on the calendar.[1] (*Id.*).

Presently before the Court are three motions[2] concerning discovery in this matter: (1) BITCO's Motion to Deem Requests Admitted and/or Compel Sufficient Responses (Docket

---

[1] BITCO asserts that it is actively defending an underlying bodily injury action in which it believes it owes no coverage, and that the coverage issue in this matter presents a legal question for the Court that should be determined as soon as reasonably practicable. (Docket No. 58 at 3).

[2] While BITCO's motion singles out PVPI, the response to such motion and the other discovery motions at issue were filed by PVP (the collective Defendants). To avoid confusion, the Court will refer to both PVPI and PVP, *infra*, as "PVP."

1

No. 53, hereinafter, "Motion to Compel") and PVP's response (Docket No. 55); (2) PVP's Motion to Compel (Docket No. 50, hereinafter, "Motion to Compel") and BITCO's response (Docket No. 54); and (3) PVP's Motion for Extension of Time to Retain Expert (Docket No. 57, hereinafter, "Motion for Extension") and BITCO's response (Docket No. 58). For the reasons set forth below, BITCO's Motion to Compel will be granted, PVP's Motion to Compel will be denied, and PVP's Motion for Extension will be granted. Each motion will be addressed, *infra*, in turn.

## I. BITCO's Motion to Compel

In its Motion to Compel, BITCO states that it served PVP with a First Set of Requests for Admissions, Interrogatories, and Requests for Production. (Docket No. 53 at 2). BITCO notes that its Interrogatories and Requests for Production merely sought the factual and documentary basis to substantiate any denials of the accompanying Requests for Admissions. (*Id.* at 2-3). BITCO argues that PVP's responses to its discovery requests were replete with unsubstantiated objections. (*Id.* at 3). In its Motion to Compel, BITCO requests that the Court take the following actions: overrule PVP's objections and deem BITCO's Requests for Admissions admitted or, alternatively, overrule PVP's objections and compel PVP to provide sufficient responses; and order PVP to respond more fully to its Interrogatories and Requests for Production. (*Id.* at 6-7).

More specifically, BITCO argues that its discovery requests concern simple factual matters such as whether and to what extent certain insurance policies exist, whether PVPI is the named insured under those policies, what the dates of coverage are for the policies, and what the policies say in black-and-white terms. (Docket No. 53 at 2). BITCO asserts that these requests "are straightforward factual matters that should be admitted so as to tee up the narrow threshold issue in this case – the application of the 'Pollution Exclusion' – for the Court's ready disposition." (*Id.* at 6). BITCO further contends that "[t]here is no merit, need,

or utility" in PVP's approach to responding to discovery in the evasive manner that it has." (*Id.*). BITCO argues that its Interrogatories and Requests for Production are narrow, focused, and utterly unobjectionable, and that, at a minimum, PVP should also be ordered either to confirm that nothing responsive to the discovery requests was withheld on the basis of its objections, or, if it was, to identify what was withheld and on what specific basis it was withheld. (*Id.* at 7). PVP opposes BITCO's motion, arguing that the discovery requests are not as simple as BITCO represents, and that, in the Requests for Admissions and Interrogatories, BITCO seeks to have PVP admit to legal conclusions relating to the interpretation of complex contract provisions that are at issue in this litigation. (Docket No. 55 at 2-3).

Federal Rule of Civil Procedure 36 governs Requests for Admissions and responses thereto. Rule 36(a)(1) provides that "[a] party may serve on any other party a written request to admit . . . the truth of any matters within the scope of Rule 26(b)(l) relating to: (A) facts, the application of law to fact, or opinions about either; and (B) the genuineness of any described documents." Rule 36(a)(4) further provides, in part:

> If a matter is not admitted, the answer must specifically deny it or state in detail why the answering party cannot truthfully admit or deny it. A denial must fairly respond to the substance of the matter; and when good faith requires that a party qualify an answer or deny only a part of a matter, the answer must specify the part admitted and qualify or deny the rest.

The responding party may also interpose an objection, so long as such objection is not based "solely on the ground that the request presents a genuine issue for trial." Fed. R. Civ. P. 36(a)(5). The purpose of this procedure is to narrow the issues for trial to those that are genuinely contested. *See United Coal Cos. v. Powell Constr. Co.*, 839 F.2d 958, 967 (3d Cir. 1988); *McCarthy v. Darman*, Civ. Action No. 07-cv-3968, 2008 WL 2468694, at *1-2 (E.D. Pa. June 17, 2008); *Guinan v. A.I. duPont Hosp. for Children*, Civ. Action No. 08-

3

228, 2008 WL 938874, at *1-2 (E.D. Pa. Apr. 7, 2008).

The substance of the requests themselves should contain statements of fact that are simple and concise so that they can be denied or admitted with minimal need for explanation or qualification, and they should be answered yes, no, the answerer does not know, or a very simple and direct explanation should be given as to why an answer cannot be supplied, such as when privilege is invoked. *See United Coal*, 839 F.2d at 967-68. A denial is a perfectly reasonable response when an issue in dispute is requested to be admitted. *See id.* at 967. However, answers that appear to be non-specific, evasive, ambiguous, or that appear to go to the accuracy of the requested admissions, rather than the essential truth contained therein, are impermissible. *See Guinan*, 2008 WL 938874, at *1. Moreover, an answer may be qualified if the request posits a statement that contains some truth, but conveys unwarranted and unfair inferences when standing alone and out of context of the whole truth. *See McCarthy*, 2008 WL 2468694, at *4 (citations omitted). While the responding party may qualify a response when a request contains a statement that is only partially true, the "responding party may not make 'disingenuous, hair-splitting distinctions whose unarticulated goal is to unfairly burden an opposing party.'" *Id.* at *5 (quoting *Thalheim v. Eberheim*, 124 F.R.D. 34, 35 (D. Conn. 1998) (citations omitted)).

Once the responding party answers or objects, the requesting party may seek a judicial determination as to the sufficiency of the answers and the propriety of any objections. In evaluating the sufficiency of such answers and objections, the Court should consider: "(1) whether the denial fairly meets the substance of the Request; (2) whether good faith requires that the denial be qualified; and (3) whether any 'qualification' which has been supplied is a good faith qualification." *Guinan*, 2008 WL 938874, at *1.

Here, PVP argues that it was justified in objecting as it did to BITCO's Requests for Admissions and Interrogatories.[3] (Docket No. 55 at 2-3). PVP contends that it cannot simply admit that it was the named insured under the referenced policies, admit the effective date of coverage of those policies, and admit what the policies say in black-and-white terms, since such requests, by their nature, cannot simply be admitted with an absolute minimum of explanation or qualification as outlined in *United Coal*. (*Id.*). PVP contends that, to some extent, BITCO is requiring PVP not only to admit to the specific text as cited, but also to interpret the text and apply that text to the present case. (*Id.* at 3). PVP argues that such a requirement clearly calls for a legal conclusion and is therefore justifiably objected to by PVP, since such matters need to be decided by the Court. (*Id.* at 3-4 (citing cases, including *Government Emps. Ins. Co. v. Benton*, 859 F.2d 1147, 1148 n.3 (3d Cir. 1988) (noting that a "[r]equest for admissions could be interpreted as asking for conclusions of law, [which is] impermissible under Rule 36"))).

To support its contention, however, PVP does not point to any particular request by way of example, and instead cites to BITCO's Requests for Admissions "*generally*." (Docket No. 55 at 3). Upon review of BITCO's Requests for Admissions, the Court notes that, as BITCO asserts, it includes requests for PVP to admit that it was the named insured under certain insurance policies (which BITCO says are attached to the Complaint), requests for PVP to admit to the effective dates of those policies, and requests for PVP to admit certain black-and-white terms in the polices. For example, one such request states, "Admit that PVPI was a named insured of a Commercial General Liability Policy bearing Policy Number CLP 3 697 217 B (the 'CGL Policy') issued to PVPI by BITCO." (Docket No. 53-2 at 2). Another request states, "Admit that

---

[3] PVP notes that, since BITCO raises the same concerns regarding PVP's responses to BITCO's Interrogatories as it does to its responses to the Requests for Admissions, PVP also responds similarly and contends that the same rationale applies to all of its objections to BITCO's discovery requests. (Docket No. 55 at 4).

5

the CGL Policy and the Umbrella Policy (collectively the 'Policies') had effective dates of coverage of September 1, 2020 through September 1, 2021." (*Id.* at 5). PVP objects to these requests for a number of reasons including, as PVP contends in its brief, that they purportedly ask PVP to admit to a conclusion of law. (*Id.*). However, PVP has not explained how such requests seek legal conclusions prohibited under Rule 36, nor is it apparent to the Court how such requests – which appear to request the admission of "facts, the application of law to fact, or opinions about either" – instead seek the admission of legal conclusions. Fed. R. Civ. P. 36(a)(1)(A).

Another of BITCO's requests (which is similar to several other BITCO requests) purportedly quotes particular policy language, asking, "Admit that Form CG2149 (09/99) states in pertinent part that the insurance provided by the CGL Policy 'does not apply to: (1) "Bodily injury" ... which would not have occurred in whole or part but for the actual, alleged, or threatened discharge, dispersal, seepage, migration, release or escape of "pollutants" at any time.'" (Docket No. 53-2 at 8). PVP objects to this request, as well as the previous examples, on the basis that BITCO has not adequately identified the documents referred to therein,[4] but PVP does not further justify such objection in its brief opposing BITCO's Motion to Compel. (*Id.*). Furthermore, BITCO represents in its Motion to Compel that its counsel confirmed via email correspondence to PVP's counsel that the policies at issue in its discovery requests were attached to BITCO's Complaint. (Docket No. 53 at 4). Therefore, any such confusion surrounding the documents at

---

[4] BITCO explains that the parties have had continued communications regarding the identification of the documents at issue in BITCO's discovery requests. (Docket No. 53). According to BITCO, PVP originally argued that its objections to BITCO's requests were appropriate because the referenced policies were not attached to the Requests for Admissions. (*Id.* at 3-4). BITCO then clarified in correspondence that the policies were attached to the Complaint, and PVP submitted supplemental discovery responses, but the parties have continued to disagree about such requests, prompting the present motion requesting the Court's assistance. (*Id.* at 4-6).

issue appears to have been cleared up, and PVP should now be able to refer to such documents in responding to BITCO's discovery requests.

Similarly, a review of BITCO's other requests reveals that, as BITCO contends, the objections that PVP interposes are evasive, non-responsive, and/or lack justification. At most, PVP's responses, when read in their totality, erroneously deploy broad objections when, perhaps, partial or qualified denials may have been the proper way to respond. *See Doe v. Mercy Health Corp.*, Civ. A. No. 92-6712, 1993 WL 377064, at *11 (E.D. Pa. Sept. 15, 1993) (stating that "it is not grounds for objection[] that the quoted or referenced statements are misquoted or taken out of context, or that 'the documents speak for themselves,'" that if the responding party "believes that the [documents] do not say what the [the requesting party] asks him to admit they do, or are otherwise 'taken out of context,' he may deny the RFA," and that if, "on the other hand, the statements are accurately quoted or referenced, he must admit the RFA, but is free to present evidence at trial contradicting the quoted or referenced statement").

Therefore, BITCO's Motion to Compel is granted, PVP's objections are overruled, and PVP is directed to amend its answers and respond to BITCO's Requests for Admissions, Interrogatories, and Request for Production accordingly. Additionally, PVP shall fully respond to BITCO's Interrogatories and Requests for Production, and shall either confirm that nothing responsive was previously withheld on the basis of its objections, or, if it was, PVP shall identify what was withheld and on what specific basis it was withheld.

## II.     PVP's Motion to Compel

PVP also served BITCO with written discovery requests in this matter, specifically, extensive Interrogatories and a Request for Production of Documents, to which BITCO filed

objections, based mainly on grounds of relevance but also citing disproportionality. In its Motion to Compel, PVP seeks to have the Court overrule BITCO's objections, compel the production of various records from BITCO, and order BITCO to produce more responsive answers to its Interrogatories. (Docket No. 50 at 20).

Federal Rule of Civil Procedure 26(b)(1) defines the scope of permissible discovery, stating, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Although discovery rules are afforded a liberal construction and "'[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable,'" the breadth of discoverability is not without bounds. *Giant Eagle, Inc. v. American Guar. & Liab. Ins. Co.*, No. 2:19-cv-00904-RJC, No. 2:22-cv-00468-RJC, 2024 WL 1346650, at *9 (W.D. Pa. Mar. 29, 2024) (quoting Rule 26(b)(1)). Thus, "'[a]lthough the federal courts have adopted liberal discovery rules, district courts, nevertheless, are empowered with broad discretion to manage discovery.'" *Id.* at *10 (quoting *Thompson v. Glenmede Tr. Co.*, No. CIV. A. 92-5233, 1995 WL 752422, at *2 n.4 (E.D. Pa. Dec. 19, 1995), and *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995) (additional internal quotation marks omitted)). Further, "[w]hether a court reasonably limited the scope of discovery is necessarily a fact-based inquiry," and the determination as to how to limit discovery is within the sound discretion of the district court. *Democratic Nat'l Comm. v. Republican Nat'l Comm.*, No. 18-1215, 2019 WL 117555, at *2 (3d Cir. Jan. 7, 2019); *see In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817-18 (3d Cir. 1982).

In order to succeed on a motion to compel discovery, the "party seeking the discovery has the burden of clearly showing the relevancy of the information sought." *Westfield Ins. Co. v. Icon Legacy Custom Modular Homes*, 321 F.R.D. 107, 112 (M.D. Pa. 2017) (internal quotation marks

and citation omitted). The parties and the court also have a "collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes."[5] *In re Diisocyanates Antitrust Litig.*, Master Docket Misc. No. 18-1001, 2023 WL 424186, at *4 (Jan. 26, 2023) (quoting Fed. R. Civ. P. 26(b)(1) advisory committee's note to 2015 amendment). According to Rule 26(b)(2)(C), the Court must limit the frequency or extent of discovery if it determines that:

    (i)    the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
    (ii)    the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
    (iii)    the proposed discovery is outside the scope permitted by Rule 26(b)(1).

BITCO notes that PVP's discovery requests seek a broad range information and documents, including: (1) all of BITCO's underwriting practices and personnel; (2) BITCO's claims-handling history involving all pollution claims over a 15-year period; (3) all claims PVP has presented to BITCO of any kind and character during that 15-year period, whether related to the Pollution Exclusion or not, and whether under the subject insurance policies or otherwise; (4) all claims that any insured has made with BITCO over the 15-year period under policies that contained Pollution Exclusions; and (5) the results of BITCO's or its counsel's legal research regarding any and all prior judicial interpretations of the Pollution Exclusion, whether involving BITCO or not. (Docket No. 54 at 2).

In moving to compel, PVP contends generally that BITCO did not provide substantive responses to many of its requests and that, in its later responses, BITCO sometimes referred back

---

[5] "When determining whether a discovery request is proportional to the needs of the case, courts consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *In re Diisocyanates Antitrust Litig.*, Master Docket Misc. No. 18-1001, 2023 WL 424186, at *4 (Jan. 26, 2023) (citing Rule 26(b)(1)).

to its earlier responses. (Docket No. 50 at 4). BITCO argues that it voiced objections to PVP's requests that are precisely articulated and specific to each request. (Docket No. 54 at 2). As an example, BITCO notes that its responses include the following, which was made in response to PVP's request that BITCO detail all of its underwriting practices and personnel:

> Objection. The request is overly broad, unduly burdensome, disproportional to the needs of the case, and seeks information that is neither relevant to the instant dispute nor reasonably calculated to lead to the discovery of admissible evidence, since there is no claim or issue in the case regarding BITCO's underwriting or claims handling. The claims and issues asserted in the case concern only the proper construction of a written insurance policy as applied to underlying bodily injury claims. BITCO objects.

(*Id.* (quoting Docket No. 54-1)). BITCO explains that it responded similarly to a number of other requests to which such objections apply, including a request for information and documents concerning BITCO's claims handling history for a 15-year period, although BITCO appropriately added there that such items were "vastly overbroad both in time and scope, and [do] not seek information germane to anything in the case." (*Id.* (quoting Docket No. 54-1)). As another example, BITCO indicates that it responded to a request that it identify lawsuits or litigation concerning the Pollution Exclusion by stating that the request sought "a legal interpretation and legal conclusion, and also work product in the form of legal research that the requesting party's counsel is equally able to perform." (*Id.* (quoting Docket No. 54-1)).

Upon consideration of all of BITCO's responses to PVP's requests – the responses just identified, as well as the others which contained similar objections – to the extent PVP argues generally that BITCO failed to respond adequately to its requests because such responses were not sufficiently substantive and specific, the Court disagrees and finds that BITCO did provide PVP with adequately articulated, substantive responses to each request. Additionally, the Court notes

that, to the extent BITCO referred to previous objections in its later responses, such references, in and of themselves, do not render BITCO's responses inadequate.

PVP further argues that, to the extent BITCO's objections are based on relevance, PVP's discovery requests concerning prior litigation are relevant to its defenses in this declaratory action. (Docket No. 50 at 18-19). PVP does not provide additional support for such argument, however. While PVP contends that its access to the information sought is far more burdensome compared to BITCO's (based on BITCO's own description of its geographic range of business), and that BITCO's resources as a nationwide industrial insurance company far outstrip PVP's resources as a regional plumbing supply company, neither assertion goes to showing the relevance of its requests. (*Id.* at 19).

In response to PVP's contention that its broad requests are relevant here, BITCO argues that – in the context of this straightforward declaratory action in which the only claim seeks a judicial ruling on the efficacy of a particular exclusion in insurance policies – all of the extrinsic evidence that PVP seeks here is irrelevant and undiscoverable. (Docket No. 54 at 5). In support, BITCO cites to the extensive analysis provided by the District Court for the Middle District of Pennsylvania in *Westfield Insurance Company v. Icon Legacy Custom Modular Homes*, 321 F.R.D. 107 (M.D. Pa. 2017), which was also recently relied upon by a fellow member of this Court, the Honorable Robert J. Colville, in *Giant Eagle, Inc. v. American Guarantee and Liability Insurance Company*, Nos. 2:19-cv-00904 & 2:22-cv-00468, 2024 WL 1346650 (W.D. Pa. Mar. 29, 2024). In *Westfield*, as noted in *Giant Eagle*, the district court attempted to synthesize Pennsylvania law regarding the proportionality of discovery requests seeking extrinsic evidence such as underwriting information in the context of a case involving contract interpretation. *See Giant Eagle*, 2024 WL 1346650, at 30. As Judge Colville explained:

11

> The *Westfield* court held that "litigants who wish to discover extrinsic evidence in a contract interpretation case must (1) point to specific language in the agreement itself that is genuinely ambiguous or that extrinsic evidence is likely to render genuinely ambiguous; and (2) show that the requested extrinsic evidence is also likely to resolve the ambiguity without imposing unreasonable expense." *Westfield Ins.*, 321 F.R.D. at 109-10; *see also* [*Medmarc Cas. Ins. Co. v. Arrow Int'l, Inc.*, No. CIV A 01 CV 2394, 2002 WL 1870452, at *5 (E.D. Pa. July 29, 2002)] (denying discovery requests for extrinsic reinsurance contracts where no party asserted insurance contract was ambiguous); *Rhone-Poulenc Rorer Inc. v. Home Indem. Co.*, 139 F.R.D. 609, 612 (E.D. Pa. 1991), *on reconsideration in part*, No. CIV. A. 88-9752, 1991 WL 237636 (E.D. Pa. Nov. 7, 1991). ("[T]he appropriateness of [extrinsic evidence] discovery should not even be an issue unless and until there has been a finding by the District Court that one or more of the provisions of the policies at issue is ambiguous."); *Fed. Ins. Co. v. Sandusky*, No. 4:11-CV-02375, 2013 WL 785269, at *8 (M.D. Pa. Mar. 1, 2013) ("In an unambiguous, written contract, the intent of the parties is to be ascertained by the document itself, without inquiry into extrinsic evidence.").

*Id.*

Relying on the "well-reasoned analysis" in *Westfield*, Judge Colville held that the insured must first assert or make a showing of some "potential ambiguity, i.e., relevance, before an insured is entitled to the discovery of extrinsic information that could assist in contract interpretation if the court ultimately finds ambiguity." *Id.* Judge Colville further cited to *Westfield*, noting that case explained that:

> "[T]he instant motion to compel requires me to determine whether, and to what extent, extrinsic evidence is discoverable in a declaratory insurance coverage action *where bad faith is no longer at issue*," and later explaining that "[a]nother factor bearing upon the discoverability of extrinsic evidence like underwriting files and training manuals is whether a bad faith claim is still being litigated at the time of the request. The existence of such a claim makes discoverability more likely, yet it by no means guarantees it."

*Id.* (quoting *Westfield*, 321 F.R.D. at 109, 114).

In accordance with the courts' conclusions in *Westfield* and *Giant Eagle*, BITCO contends that, before PVP could be entitled to the discovery of the extrinsic evidence it seeks, PVP would, at a minimum, first need to point to specific language in the agreement itself that is genuinely

12

ambiguous or that extrinsic evidence is likely to render genuinely ambiguous and, second, PVP would need to show that the requested extrinsic evidence is also likely to resolve the ambiguity without imposing unreasonable expense. (Docket No. 54 at 6). Here, BITCO emphasizes that PVP has never asserted or endeavored to demonstrate any "potential ambiguity" in the Pollutions Exclusions at issue. (*Id.*). Moreover, PVP has not and cannot point to any allegations of bad faith in this case. (*Id.*). Therefore, BITCO argues that, as PVP cannot demonstrate the relevance of the extrinsic evidence that it seeks in the first place, nor are there any allegations of bad faith that might conceivably make extrinsic information (such as BITCO's claims-handling history, past litigation, etc.) material, the information that PVP seeks is simply not germane to the issues in dispute here.[6] (*Id.*).

Upon consideration, the Court agrees with BITCO's argument and finds that PVP has not met its burden of demonstrating that its discovery requests fall within the scope of permissible discovery contemplated by Rule 26(b)(1). In so finding, the Court is in agreement with the well-reasoned decisions of the judges in *Giant Eagle* and *Westfield*, which required some assertion or showing of potential ambiguity, i.e., relevance, before the insured was entitled to the discovery of extrinsic information that could assist in contract interpretation, if the court ultimately found

---

[6] BITCO further argues that, even if the information PVP seeks would be somehow relevant to the issues in this case, its requests are disproportional to the legitimate needs of this case. (Docket No. 54 at 7). BITCO notes that, in this case involving a narrow issue, any marginal potential relevance is vastly outweighed by forcing BITCO to search and produce documents and information detailing 15 years' worth of claims-handling history, or to provide PVP with the complete legal research concerning all cases in which "Pollution Exclusions" have been construed, or to provide comprehensive information concerning BITCO's underwriting personnel and practices. (*Id.* at 7-9 (citing *Giant Eagle*, 2024 WL 1346650, at *25 ("Courts in this Circuit faced with materially similar discovery requests routinely prohibit such discovery on the basis of both relevance and proportionality.") and *Westfield*, 321 F.R.D. at 119 ("Defendant here requests production of a number of documents that are wholly irrelevant to a straightforward coverage determination, that might only bear marginal relevance even in a bad faith action, or that are unduly burdensome and entirely beyond the scope of this litigation."))).
    Although the Court need not delve further into the issue of proportionality because it finds that PVP has not even made a threshold showing of the requested evidence's relevance here, the Court notes that PVP has not explained how the vast quantity of information and documents sought by PVP in its requests is proportional to the needs of this case.

ambiguity. *See Giant Eagle*, 2024 WL 1346650, at *30. Because BITCO is correct that no party has asserted that the terms of the Pollution Exclusions at issue here are ambiguous, PVP has failed to establish that its discovery requests seeking extrinsic evidence are relevant to its defense. Additionally, as there is no bad faith claim here, the Court finds that PVP has also not shown that such discovery is otherwise relevant. *See Westfield*, 321 F.R.D. at 114; *cf. Giant Eagle*, 2024 WL 1346650, at *31 (finding that, while certain discovery requested in that case was not relevant to the contract claim, it was permissible because of the existence of a bad faith claim).

Therefore, PVP's Motion to Compel is denied.

### III.     PVP's Motion for Extension

PVP has also filed a Motion for Extension of Time to Retain Expert, in response to the retention of an expert of BITCO. (Docket No. 57). In light of the Court's rulings here on the parties' discovery motions, PVP will be granted an extension of time in which to retain an expert in this matter.

An appropriate Order follows.

### ORDER

AND NOW, this 16th day of December, 2024, for the reasons set forth in the Court's Memorandum, *supra*, IT IS HEREBY ORDERED that:

1. BITCO's Motion to Compel (Docket No. 53) is granted. PVP shall amend its answers and respond to BITCO's Requests for Admissions, Interrogatories, and Request for Production by **January 16, 2025**. Additionally, in doing so, PVP shall fully respond to BITCO's Interrogatories and Requests for Production, and shall either confirm that nothing responsive was previously withheld on the basis of its objections, or, if it was, PVP shall identify what was withheld and on what specific basis it was withheld.

2. PVP's Motion to Compel (Docket No. 50) is denied.

3. PVP's Motion for Extension (Docket No. 57) is granted. PVP will be granted an extension, until **January 16, 2025**, to retain an expert in this matter.

/s/ *W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf: All counsel of record